

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXON
ATTORNEY GENERAL

Hon. Charles R. Martin
County Auditor
Harrison County
Marshall, Texas

Dear Sir:

Opinion No. O-1866
Re: Under Article 3899 would a constable compensated on a fee basis be entitled to deduct as an expense of office gasoline and oil and up-keep for his automobile for and during the year?

Your request for opinion has been received and carefully considered by this department.

Article 3899 (a), Revised Civil Statutes of Texas, reads in part as follows:

"At the close of each month of his tenure of office each officer named herein who is compensated on a fee basis shall make as part of the report now required by law, an itemized and sworn statement of all the actual and necessary expenses incurred by him in the conduct of his office, such as stationery, stamps, telephone, premiums on officials' bonds, including the cost of surety bonds for his Deputies, premium on fire, burglary, theft, robbery insurance protecting public funds, traveling expenses and other necessary expenses. The Commissioners' Court of the county of the Sheriff's residence may, upon the written and sworn application of the Sheriff stating the necessity therefor, purchase equipment for a bureau of criminal identification such as cameras, finger paint cards, inks, chemicals, microscopes, radio and laboratory equipment, filing cards, filing cabinets, tear gas and other equipment in keeping with the system in use by the Department of Public Safety of this State or the United States Department of Justice and/or Bureau of Criminal Identification. If such expenses be incurred in connection with any particular case, such statement shall name such case.

Such expense account shall be subject to the audit
of the County Auditor, if any, otherwise by the
Commissioners' Court; and if it appears that any
item of such expense was not incurred by such of-
ficer or such item was not a necessary expense of
office, such item shall be by such auditor or court
rejected, in which case the collections of such
item may be adjudicated in any court of competent
jurisdiction......."

Article 3891, Revised Civil Statutes of Texas, reads
in part as follows:

"Each officer named in this Chapter shall
first out of the current fees of his office
pay or be paid the amount allowed him under
the provisions of Article 3883, together with
the salaries of his assistants and deputies,
and authorized expenses under Article 3899,
and the amount necessary to cover costs of
premium on whatever surety bond may be requir-
ed by law. If the current fees of such of-
fice collected in any year be more than the
amount needed to pay the amounts above speci-
fied, same shall be deemed excess fees, and
shall be disposed of in the manner hereinafter
provided......."

This department has repeatedly held that a constable
operating upon a fee basis is authorized to deduct the neces-
sary expenses incurred in performing the duties of his office
including traveling expenses out of his excess fees of office
provided he complies with Articles 3899 and 3891, supra. See
opinion of this department dated October 11, 1937, written by
Hon. James N. Neff, Assistant Attorney General, and recorded
in Vol. 378, pages 555-6, Letter Opinions of the Attorney Gen-
eral of Texas, and other opinions of this department.

"Gasoline, oil and a reasonable amount of
'up-keep'" would clearly come within the meaning of travel-
ing expenses in this situation.

You are therefore respectfully advised that it is the
opinion of this department that a constable compensated on a
fee basis would be entitled to deduct from his excess fees as
an authorized expense of office, the necessary traveling ex-
penses, including the expense of gas, oil and a reasonable
amount of "up-keep", incurred by the constable in the discharge
of his official duties, provided he complied with Articles
3899 and 3891, supra.

Very truly yours

ATTORNEY GENERAL OF TEXAS


By s/Wm. J. Fanning
    Wm. J. Fanning
        Assistant

WJF:AW

Approved FEB 24, 1940
s/ W. F. Moore
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman